UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESTER MURTY,

           Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.

CASE NO. C14-5180 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable John L. Weinberg, United States Magistrate Judge (Dkt. 17), and the Government's objections to the R&R (Dkt. 18).

On December 26, 2014, Judge Weinberg issued the R&R recommending that the Court reverse and remand the Administrative Law Judge's ("ALJ") decision that Plaintiff Lester Murty ("Murty") was not disabled. Dkt. 17. On January 9, 2015, the Government filed objections. Dkt. 18. On January 12, 2015, Murty responded. Dkt. 19. The Government did not file a reply.

ORDER - 1

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The Government raises two objections to Judge Weinberg's recommended disposition. First, the Government argues that Judge Weinberg erroneously concluded that the ALJ did not provide clear and convincing reasons for discounting Murty's testimony. Dkt. 18 at 2. The ALJ found that Murty's testimony about the severity of his symptoms was not fully credible. AR 26. In reaching this conclusion, the ALJ discussed Murty's inter-state travel, past collection of unemployment benefits, and prior work termination. AR 26–27. Judge Weinberg thoroughly and properly addressed why these reasons are not convincing in this case. *See* Dkt. 17 at 6–7. The Court therefore agrees that the ALJ did not provide sufficient reasons for discrediting Murty's testimony.

Second, the Government contends that Judge Weinberg erroneously concluded that the ALJ's residual functional capacity ("RFC") assessment was not supported by substantial evidence. Dkt. 18 at 5. The ALJ determined that Murty had the RFC to perform light work. AR 25. The ALJ, however, did not consider all relevant medical evidence in reaching this conclusion. Specifically, the ALJ did not consider Dr. Blackmon's opinion regarding Murty's ability to perform light work. *See* AR 28. As Judge Weinberg correctly discussed, Dr. Blackmon's opinion is supported by objective

medical testing. *See* Dkt. 17 at 8 (citing AR 412–14). Dr. Blackmon's opinion is also consistent with Dr. Pulukurthy's assessment of Murty's physical limitations. AR 429. Accordingly, the Court agrees with Judge Weinberg that the ALJ failed to consider substantial evidence in the RFC assessment.

The Court having considered the R&R, the Government's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **REVERSED** and **REMANDED** for further proceedings consistent with the R&R.

Dated this 16th day of February, 2015.

BENJAMIN H. SETTLE
United States District Judge